sion arose from the misapprehension of the counsel, at the trial, that he might avail himself of the objection, on the argument, though it was not stated in the case.

*Kirtland*, contra.

*Per Curiam.* Take your rule to amend in 20 days, with liberty to the plaintiffs, to make amendments also, on their part.

Rule granted.

## Stoutenbergh *against* Legg and others.

L. ELMENDORF, for the defendants, moved to change the *venue* in this cause, from the city and county of *New-York* to the county of *Ulster*, an affidavit, stating, "that the attendance of a number of witnesses, material for the defence, on the part of the defendant, will be necessary in the trial of the cause, all of whom resided in the county of *Ulster*."

*I. L. Kipp*, contra, read an affidavit stating, that the suit was for goods sold and delivered, and that the cause of action arose in the city of *New-York*, and that the witnesses of the plaintiff resided there. (*a*)

*Per Curiam.*

Rule refused.*

Where the cause of action arises in the county where the *venue* is laid, and the plaintiff has material witnesses residing there he may retain the *venue*.

* See *ante*, 453. *Manning* v. *Downing*.

## [*]Bignell *against* Forrest.

[* 482]

THE defendant, in this cause, having been arrested on a charge of forgery, and detained in prison,

*Hoffman*, on a former day, moved for a *habeas corpus*, directed to the keeper of the Bridewell-prison, to bring up the prisoner, in order that he might be surrendered to

Where the defendant in a cause is in prison on a charge of felony, he may, at the instance of his bail, be bro't up on a *habeas corpus*, in order that he may be surrendered in discharge of his bail.

(*a*) See Wheaton v. Sloper, 2 John. Cas. 111. 335. Wood v. Bishop, 5 Cowen, 414. The affidavit to change or retain a venue on the ground of a balance in the number of witnesses must state that *each* of the witnesses is material, &c. without *each* of whose testimony, &c. as advised, &c. 7 Cowen, 102.